Filed 12/26/13  Knuff v. Gevisser CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| CHARLES KNUFF, | D062134 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. 37-2011-00088438-CU-EN-CTL) |
| GARY S. GEVISSER, | |
| Defendant and Appellant. | |

APPEAL from orders of the Superior Court of San Diego County, Jay M. Bloom, Judge.  Affirmed.

Gary S. Gevisser, in pro. per., for Defendant and Appellant.

Bird, Marella, Boxer, Wolpert, Nessim, Drooks & Lincenberg, Paul S. Chan and Jessica S. Chen for Plaintiff and Respondent.

Plaintiff Charles Knuff successfully brought a defamation suit against defendant Gary S. Gevisser in the State of Texas and obtained a judgment against him in the amount of about $4 million.  Although (as discussed, *post*) the appellate record in this subsequent California case is incomplete, it appears that Knuff, as a judgment creditor,

successfully applied for entry of the Texas judgment in California and commenced proceedings to enforce the sister state judgment against Gevisser. After the trial court denied Gevisser's motion to vacate the judgment, Gevisser brought a motion for reconsideration, which the court denied on the grounds that (1) the motion was untimely, (2) it raised no new or different facts, circumstances, or law (as required by Code of Civil Procedure section 1008, discussed, *post*); and (3) the court lacked jurisdiction to reconsider a Texas judgment. Gevisser again sought reconsideration by bringing a motion he apparently titled a "Motion for Clarification," which the court also denied.

Gevisser appeals in propria persona the orders denying his two motions. Although his contentions on appeal are not clearly stated in his appellant's opening brief, he asserts in the conclusion of his reply brief that the court "erroneously erred when not immediately invalidating the fraudulent Texas Judgment," and thereby "destroy[ed] the meaningful due process that [he] was supposed to be entitled to." Gevisser also has filed a pending opposed motion to augment the appellate record with five categories of documents, including but not limited to the reporter's transcripts of four Texas trial court hearings.[1]

We deny Gevisser's motion to augment the appellate record on the ground he has failed to comply with the requirements of California Rules of Court, rule 8.155. We conclude that, even if the record were augmented with the unauthenticated documents

---

[1] In an order dated August 12, 2013, this court ordered that Gevisser's "opposed request to augment the record on appeal, filed on July 24, 2013, will be considered concurrently with the appeal."

submitted with his motion, Gevisser has failed to provide this court with an adequate record. Thus, he has not met his burden of overcoming the presumed correctness of the challenged orders by affirmatively demonstrating error. We also conclude that, even if he had provided this court with an adequate record for review, Gevisser has forfeited his claims by failing to comply with rule 8.204(a)(1)(C) of the California Rules of Court. In addition, we conclude he has failed to show his motions presented new or different facts or circumstances of law as required by Code of Civil Procedure section 1008. Accordingly, we affirm the orders.

## PROCEDURAL BACKGROUND

A. *First Motion for Reconsideration*

At the hearing on Gevisser's first motion for reconsideration, which was held on April 26, 2012, Gevisser in propria persona challenged the court's denial of his motion to vacate the judgment,[2] claiming the Texas court lacked jurisdiction, lacked evidence to support the judgment, and was biased against him.

---

[2]    Gevisser has not included in the record copies of the motion and opposition papers filed in connection with his motion to vacate the judgment, nor has he included copies of either a reporter's transcript of the hearing on that motion or court documents reflecting the court's ruling on that motion, which Knuff, on appeal, asserts the court denied on March 19, 2012.

B.  *Second Motion for Reconsideration*

Gevisser filed a second motion for reconsideration, which he apparently titled a "Motion for Clarification."3  At the hearing on the motion, which was held on May 10, 2012, Gevisser in propria persona again claimed the Texas court lacked jurisdiction and there was no evidence to support the judgment entered against him there in the underlying defamation lawsuit.  Gevisser told the court, "I just wanted clarification on me [*sic*] exhausting all my appeal rights in Texas.  [¶] And I have 90 days from the date of the appeal being turned down to apply to the Supreme Court [of Texas]."  In response, the court told Gevisser, "I have no authority over witnesses, parties, judges, or anybody in the state of Texas at all."

Knuff's counsel represented to the court that "the Texas Court of Appeals has already rejected his appeal on February 17th of this year," and stated, "[Gevisser] has issued one frivolous motion after another trying to get this court to relitigate the underlying merits of the Texas proceeding."  Knuff's attorney argued that "[t]he issue here is whether or not the judgment has been properly entered and recognized by the state.  And it has."

Following additional arguments, Gevisser again told the court, "I do have an option still with the Supreme Court of Texas."  The court commented, "You can go back to Texas and have the trial court stay execution of the judgment."  When Gevisser

---

3    Although Gevisser has provided a copy of the reporter's transcript of the hearing on this motion, he has not included in the record on appeal copies of the motion and opposition papers filed in the trial court.

4

confirmed that Knuff and his counsel were trying to collect on the judgment, the court stated, "Okay. So you go back to Texas and have the judge stay execution. But I have no authority to do that at this point." Gevisser replied, "I've been waiting for . . . this court to be able to look at the jurisdiction." The court responded, "[E]ven, sir, if I agreed with you 100 percent that they have no jurisdiction and that you were [100] percent right, there's still nothing I can do, I have no authority over the state of Texas." The court denied Gevisser's motion, explaining that "there's a judgment from Texas that's valid. And I'm required by the United States Constitution to enforce it."

DISCUSSION

## I. *MOTION TO AUGMENT RECORD*

First, we deny Gevisser's motion to augment the appellate record because he has failed to comply with the requirements of California Rules of Court rule 8.155.[4]

### A. *Background*

In his motion Gevisser seeks to augment the record with the following, unauthenticated documents, copies of which he has submitted with his motion: (1) the reporter's transcripts of hearings held in the underlying Texas case on June 30, 2010, September 21, 2010, December 1, 2010, and January 21, 2011; (2) certain purported Yahoo! account e-mails sent on December 27 and 28, 2008; (3) two completed forms filed in 2009 with the Texas Ethics Commission reporting political contributions to

---

[4] All further rule references will be to the California Rules of Court.

Martin L. Lowy; (4) typewritten notes purportedly written by Adam Tucker pertaining to a meeting with Knuff in California; and (5) various e-mail communications.

In support of his unpaginated motion, which is not supported by any declaration authenticating the attached documents, Gevisser asserts that "the Texas Court transcripts show what a total sham were [*sic*] the the [*sic*] Texas Court hearings and that is why [Knuff and his counsel] don't want this court or any other court to see them."  After a lengthy discussion of the Texas case in which he quotes from some of the documents he seeks to include in the appellate record, Gevisser asserts that the documents "were part of the filings that I made to the Superior Court of California," and they "talked clearly of the fraud of the Texas State Court."

In his opposition, Knuff correctly points out that this court denied Gevisser's first motion to augment the appellate record on July 1, 2013.  He argues that, although Gevisser "states in his motion that the documents attached were before the superior court, nothing on the face of these documents indicates that they were filed with or attached to any pleading or motion in the superior court proceedings."  Knuff asserts the documents have not been properly authenticated, and they are not consecutively numbered in violation of rule 8.155.  Knuff also argues Gevisser has "engaged in an inordinate delay" in seeking to augment the record, he has not "demonstrate[d] good cause for the ten-month delay," and he "has failed to make any showing that the documents he seeks to add to the record have any relevance to any issue on appeal."

6

B. *Analysis*

Rule 8.155(a)(1)(A) provides that, "on motion of a party . . . , the reviewing court may order the record augmented to include: [¶] . . . [a]ny document filed or lodged in the case in superior court." "Augmentation does not function to supplement the record with materials not before the trial court." (*Vons Companies, Inc. v. Seabest Foods, Inc.* (1996) 14 Cal.4th 434, 444, fn. 3.)

Here, Gevisser has presented no evidence that the unauthenticated documents he seeks to include in the appellate record through augmentation were "filed or lodged in the case in superior court" as required by rule 8.155(a)(1)(A). Furthermore, the submitted documents are not consecutively numbered, as required by rule 8.155(a)(2), which provides in part that "[t]he pages of the attachments must be consecutively numbered, beginning with the number one."

As Gevisser has failed to comply with the requirements of rule 8.155, his motion to augment the appellate record must be denied.

## II. *APPEAL*

Turning to Gevisser's appeal, we first conclude he has forfeited his claims by failing to provide an adequate record for appellate review. We are mindful that he is representing himself. However, his status as a party appearing in propria persona does not provide a basis for preferential consideration. "A party proceeding in propria persona 'is to be treated like any other party and is entitled to the same, but no greater consideration than other litigants and attorneys.' [Citation.] Indeed, ' "the in propria

7

persona litigant is held to the same restrictive rules of procedure as an attorney." ' " (*First American Title Co. v. Mirzaian* (2003) 108 Cal.App.4th 956, 958, fn. 1.)

It is well-settled that "[a]ppealed judgments and orders are presumed correct, and error must be affirmatively shown." (*Hernandez v. California Hospital Medical Center* (2000) 78 Cal.App.4th 498, 502, citing *Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) As the party challenging the court's presumably correct orders denying his motions for reconsideration, Gevisser is required "to provide an adequate record to assess error." (*Maria P. v. Riles* (1987) 43 Cal.3d 1281, 1295.)

Here, Gevisser has failed to provide an adequate record on appeal. In his notice of appeal, Gevisser indicated he is challenging the court's rulings on April 26 and May 10, 2012, in which the record shows the court denied Gevisser's motions. In his appellant's notice designating record on appeal, he elected to use a clerk's transcript, but he chose to include in the clerk's transcript only (1) the notice of appeal, (2) his notice designating the record on appeal, and (3) the "[j]udgment or order appealed from." He also elected to proceed with a reporter's transcript of the oral proceedings held on April 26 and May 10, 2012. He did not request that the clerk's transcript include the moving and opposition papers, including any declarations or exhibits, that the parties submitted in connection with his two motions. Gevisser also did not request that the clerk's transcript include the moving and opposition papers the parties submitted in connection with his original motion to vacate the judgment or the court's minute order that presumably denied the motion, nor did he request the reporter's transcript of the hearing on that motion.

8

As pertinent here, the appellate record submitted by Gevisser includes a certified clerk's transcript that contains copies of (1) the court's minute order dated April 26, 2012, denying Gevisser's motion for reconsideration regarding sister state judgment; (2) the court's minute order dated May 10, 2012, denying Gevisser's motion for clarification; (3) Gevisser 's notice of appeal; and (4) his appellant's notice designating record on appeal. It also includes certified reporter's transcripts of the hearings held on April 26 and May 10, 2012, on Gevisser's two motions for reconsideration. Nothing in the record on appeal indicates that the many documents Gevisser now seeks to include by means of augmentation were filed or lodged in this case in the trial court.

We conclude that, even if the record were augmented to include the unauthenticated documents submitted with his motion to augment, Gevisser has failed to provide this court with an adequate record for review. Thus, he has not met his burden of overcoming the presumed correctness of the challenged orders by affirmatively demonstrating error. As noted, he has failed to include in the appellate record any of the papers the parties submitted in connection with these motions, nor has he included any of the papers or court records pertaining to his original motion to vacate the judgment, which was the subject of his motions for reconsideration.

Even if he had provided this court with an adequate record for review, Gevisser has forfeited his claims by failing to comply with rule 8.204(a)(1)(C), under which he is required to "[s]upport any reference to a matter in the record" in his appellant's opening brief with "a citation to the volume and page number of the record where the matter appears." (*Ibid.*) "[I]t is [a litigant's] duty to point out portions of the record that support

9

the position taken on appeal. The appellate court is not required to search the record on its own seeking error." (*Del Real v. City of Riverside* (2002) 95 Cal.App.4th 761, 768.) Furthermore, "[a] violation of the rules of court may result in the striking of the offending document, the waiver of the arguments made therein, the imposition of fines and/or the dismissal of the appeal." (*Ibid.*) Thus, if a party fails to support a particular point or argument with the necessary citations to the record, we may deem it forfeited. (*Ibid.*; accord, *Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246 (*Nwosu*) [applying former rule 14(a)(1)(C)]; *Duarte v. Chino Community Hospital* (1999) 72 Cal.App.4th 849, 856; *Guthrey v. State of California* (1998) 63 Cal.App.4th 1108, 1115.)

Here, as Knuff correctly asserts, Gevisser's opening brief on appeal "is largely devoid of references to the record," except for a few cites to the reporter's transcripts of the hearings on his two motions for reconsideration, and numerous cites to reporter's transcripts of proceedings in the underlying Texas lawsuit which are not contained in the appellate record in this case. For example, Gevisser discusses numerous facts and purported excerpts from telephone conversations and e-mails, and either fails to provide any record citations or provides vague references to hyperlinks to various Web pages.

Even if Gevisser had provided an adequate record for review and had properly cited the record on appeal, he has failed to meet his burden of affirmatively demonstrating the court abused its discretion in denying his motions. Code of Civil Procedure section 1008, subdivision (a) allows the court to reconsider and modify, amend or revoke its prior order when the moving party shows the existence of "new or different

10

facts, circumstances, or law."[5]  "[A] moving party must give a *satisfactory explanation*

*for the previous failure to present the allegedly new* or different *evidence* or legal

authority offered in the second application."  (*Kerns v. CSE Ins. Group* (2003) 106

Cal.App.4th 368, 383, italics added.)

Furthermore, Code of Civil Procedure section 1008 is jurisdictional.  (Code Civ.

Proc., § 1008, subd. (e).)  If a party moving for reconsideration does not show new or

different facts, circumstances or legal authorities that were not previously presented in

the original motion, the court lacks jurisdiction to entertain the request for

reconsideration.  (*Le Francois v. Goel* (2005) 35 Cal.4th 1094, 1098, 1104; *Kerns v. CSE*

*Ins. Group, supra,* 106 Cal.App.4th at p. 391.)

Here, in denying Gevisser's first motion for reconsideration, the court found

(among other things) that Gevisser's motion presented "no new or different facts or

circumstances of law."  As already discussed, this court cannot review this ruling because

the record on appeal does not contain a copy of Gevisser's motion papers.  Even if

Gevisser had presented an adequate record for appellate review of the court's ruling, he

_____

5      Code of Civil Procedure section 1008, subdivision (a), provides:  "When an application for an order has been made to a judge, or to a court, and refused in whole or in part, or granted, or granted conditionally, or on terms, any party affected by the order may, within 10 days after service upon the party of written notice of entry of the order and *based upon new or different facts, circumstances, or law*, make application to the same judge or court that made the order, to reconsider the matter and modify, amend, or revoke the prior order.  The party making the application shall state by affidavit what application was made before, when and to what judge, what order or decisions were made, and what *new or different facts, circumstances, or law* are claimed to be shown."  (Italics added.)

11

has failed to show in his opening brief on appeal—as Knuff correctly properly points out—that his motion presented new or different facts or circumstances of law.

For all of the foregoing reasons, we affirm the challenged orders.

DISPOSITION

The orders are affirmed.  Knuff shall recover his costs on appeal.

_____

NARES, Acting P. J.

WE CONCUR:

_____

HALLER, J.

_____

O'ROURKE, J.

12