[No. B157913. Second Dist., Div. Three. May 20, 2003.]

FIRST AMERICAN TITLE COMPANY, Plaintiff and Respondent, v. ERIC MIRZAIAN, Defendant and Appellant.

**COUNSEL**

Eric Mirzaian, in pro. per., for Defendant and Appellant.

Cunningham & Treadwell, James H. Treadwell and Christopher L. Moriarty for Plaintiff and Respondent.

## Opinion

KLEIN, P. J.— ▪▪▪ Defendant and appellant Eric Mirzaian (Mirzaian), in propria persona, purports to appeal a clerk's entry of his default on the complaint filed by plaintiff and respondent First American Title Company (plaintiff), and an order denying his motion to set aside the entry of default.[1]

No appeal lies from the clerk's entry of default, or from an order denying a motion to set aside the clerk's entry of default. Further, the notice of appeal, which was filed before the default prove up, and thus before the trial court announced its intended ruling, cannot be deemed a premature notice of appeal from the default judgment. (Cal. Rules of Court, rule 2(d).)[2] Therefore, the appeal is dismissed.

### Factual and Procedural Background

On August 3, 2001, plaintiff filed a complaint against Mirzaian, alleging various causes of action, including fraud, conversion and breach of fiduciary duty.

On December 5, 2001, plaintiff's counsel wrote Mirzaian advising, "You are, . . . technically in default. Accordingly, my client has instructed me to take the default of you . . . if an answer is not filed by December 17, 2001."

On December 12, 2001, Mirzaian wrote back, "Please don't bother requesting or entering a default; I will be setting it aside."

On December 18, 2001, the superior court clerk entered Mirzaian's default as requested by plaintiff.

On January 3, 2002, Mirzaian filed a motion to set aside the clerk's entry of default, as well as a proposed answer.

On February 8, 2002, the trial court denied Mirzaian's motion, ruling "A motion to transfer a case does not stay or otherwise delay the time requirements of filing an Answer. The evidence presented demonstrates that Defendants made a calculated decision to permit entry of default, believing that they

---

[1]While we are mindful that Mirzaian is representing himself on appeal, his status as a party appearing in propria persona does not provide a basis for preferential consideration. A party proceeding in propria persona "is to be treated like any other party and is entitled to the same, but no greater consideration than other litigants and attorneys." (*Barton v. New United Motor Manufacturing, Inc.* (1996) 43 Cal.App.4th 1200, 1210 [51 Cal.Rptr.2d 328].) Indeed, " 'the in propria persona litigant is held to the same restrictive rules of procedure as an attorney.' " (*Bianco v. California Highway Patrol* (1994) 24 Cal.App.4th 1113, 1125-1126 [29 Cal.Rptr.2d 711].)

[2]All rule references are to the California Rules of Court.

could later bring a motion to set aside the default. Where the default results from a deliberate refusal to act, there is no relief. [Citation.]"

On February 11, 2002, Mirzaian filed a motion for reconsideration of the order refusing to vacate the entry of default.

On March 28, 2002, the trial court denied the motion for reconsideration, ruling that Mirzaian "has presented no 'new or different' facts to justify reconsideration of the Court's previous ruling."

On April 8, 2002, Mirzaian filed notice of appeal, purporting to appeal the December 18, 2001 "Default Judgment entered by Court Clerk," as well as the February 8, 2002 order denying his motion to set aside the default.

CONTENTIONS

Mirzaian contends the trial court erred in entering his default and in refusing to set aside the entry of default. However, the threshold issue is one of appealability.[3]

DISCUSSION

1. *Mirzaian's specification in his notice of appeal of the wrong court is not fatal.*

As a preliminary matter, we observe the notice of appeal purports to appeal to "the Appellate Department of the Superior Court for the County of Los Angeles." However, the defect is immaterial and does not deprive this court of jurisdiction to entertain the appeal.

Under the rules, a "notice of appeal must be liberally construed. The notice is sufficient if it identifies the particular judgment or order being appealed. The notice need not specify the court to which the appeal is taken; the appeal will be treated as taken to the Court of Appeal for the district in which the superior court is located." (Rule 1(a)(2); see 9 Witkin, Cal. Procedure (4th ed. 1997) Appeal, §§ 459-460, pp. 506-508.)

Guided by the principle of liberality of construction, and because the notice of appeal is sufficient if it identifies the judgment or order being appealed and need not specify the court to which the appeal is taken, we treat Mirzaian's reference to the appellate department as surplusage and deem the appeal as having been taken to the Court of Appeal.

---

[3]The briefs failed to address the dispositive issue of appealability. Therefore, pursuant to Government Code section 68081, we notified the parties of our concerns in this regard.

*2. The appeal must be dismissed because no appeal lies from the mere entry of a default, as opposed to a default judgment; the appeal cannot be saved because the notice of appeal does not meet the criteria to be deemed a premature notice of appeal from the default judgment.*

■ Although the notice of appeal refers to the December 18, 2001 entry as a "Default Judgment," it was no such thing. Said entry was merely the clerk's entry of Mirzaian's default, the effect of which was to cut off Mirzaian's right to take further affirmative steps such as filing a pleading or motion. (6 Witkin, Cal. Procedure, *supra*, Proceedings Without Trial, § 152, p. 569.) No appeal lies from the court clerk's entry of default; that entry is simply a ministerial act preceding the actual default judgment. (Eisenberg et al., Cal. Practice Guide: Civil Appeals and Writs (The Rutter Group 2002) ¶ 2:116.1, p. 2-56.)

■ The other ruling specified in the notice of appeal is the February 8, 2002 order denying Mirzaian's motion to set aside the entry of default. An order denying a motion to set aside a clerk's entry of default likewise is nonappealable. (*Winter v. Rice* (1986) 176 Cal.App.3d 679, 682 [222 Cal.Rptr. 340]; 9 Witkin, Cal. Procedure, *supra*, Appeal, § 126, p. 191.)

■ Thus, neither ruling specified in the notice of appeal is appealable. The issue arises as to whether we may construe the April 8, 2002 notice of appeal as a premature notice of appeal from the subsequent judgment.

We have taken judicial notice of the superior court docket in this matter (Evid. Code, §§ 452, subd. (d), 459), and it reflects that a default judgment was entered on August 6, 2002, four months after Mirzaian filed his notice of appeal.

Rule 2(d), pertaining to a premature notice of appeal, states: "(1) A notice of appeal filed *after judgment is rendered* but before it is entered is valid and is treated as filed immediately after entry of judgment. [¶] (2) The reviewing court may treat a notice of appeal filed *after the superior court has announced its intended ruling, but before it has rendered judgment*, as filed immediately after entry of judgment." (Italics added.)

Here, the notice of appeal does not meet the criteria for treatment as a premature notice of appeal from the judgment. The April 8, 2002 notice of appeal was *not* filed "after judgment [was] rendered . . . ." (Rule 2(d)(1).) Further, the notice of appeal was *not* filed "after the superior court . . . announced its intended ruling" (rule 2(d)(2)), in that the notice of appeal was filed even before the default prove up occurred. For these reasons, the April

8, 2002 notice of appeal cannot be deemed a premature notice of appeal from the August 6, 2002 default judgment.[4]

In the absence of an appealable order, the purported appeal must be dismissed.

## DISPOSITION

The purported appeal is dismissed. Respondent shall recover costs on appeal.

Croskey, J., and Kitching, J., concurred.

---

[4]At oral argument, respondent's counsel advised this court that the default judgment was for the sum of $43,000.