Filed 6/17/15  Velandia v. Zuniga CA2/4

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| ANGEL VELANDIA, | B258827 |
| Appellant | (Los Angeles County Super. Ct. No. BC476100) |
| v. | |
| ANTONIO ZUNIGA et al., | |
| Respondents. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Michelle Rosenblatt, Judge.  Affirmed.

Angel Velandia Mojica in pro. per. for Appellant.

Bowman & Berreth, Kevin J. Berreth, for Respondents.

## INTRODUCTION

Mision Cristo Rey Inc., dba Christ the King Old Catholic Church (the Church), filed a lawsuit against Antonio and Teresa Zuniga for rescission of a lease agreement between the Church and the Zunigas. The Zunigas filed a cross-complaint alleging breach of contract against the Church and fraudulent misrepresentation and concealment against Father Angel Velandia.[1] The jury returned a special verdict against the Church on its claim and in favor of the Zunigas on their cross-claims. The jury also awarded damages to the Zunigas against the Church and Velandia. Velandia, representing himself on appeal, challenges the jury's verdict and award of damages against him.[2] However, he has failed to support his contentions with an adequate record on appeal and therefore we affirm the judgment.

## FACTUAL AND PROCEDURAL HISTORY

Velandia has provided only a skeletal record on appeal, consisting of the trial court's case docket, the judgment on special verdict, the notice of entry of judgment, his notice of appeal, and notice designating record on appeal. From these documents and the parties' briefs, we provide the following limited summary of the background facts.

The Church filed its complaint against the Zunigas on December 30, 2011. The complaint is not in the record, but the parties agree that the Church sought to rescind a lease agreement between the Church and the Zunigas, pursuant to which the Church and Velandia planned to build a church on the Zunigas' property. The Zunigas filed a cross-complaint alleging breach of contract against the Church and fraudulent

---

[1]     The precise nature of Velandia's role in the contractual dispute and the fraudulent conduct the Zunigas allege he committed is unclear from the record before us, and the parties have offered few additional details in their briefs. Velandia appears to suggest that he signed the lease agreement on behalf of the Church, and that the Zunigas claim he misrepresented that he was "ordained by the Catholic Church" and fraudulently obtained donations from them.

[2]     The Church is not a party to this appeal. In his reply brief, Velandia clarified that he is appealing on his own behalf only from the cause of action for fraudulent misrepresentation and concealment and the related damages awards against him.

misrepresentation and concealment against Velandia. The Zunigas amended their cross-complaint several times following demurrers filed by the Church and Velandia; ultimately, their third amended cross-complaint maintained their claims for breach of contract and fraudulent misrepresentation and concealment.

The jury trial commenced on May 28, 2014. On June 13, 2014, the 13th day of trial, the jury returned its verdict. The jury found that the Church should recover nothing on its claim against the Zunigas. Conversely, the jury found that the Church had breached its contract with the Zunigas and awarded the Zunigas $97,100 in damages for that cause of action. The jury further found in favor of the Zunigas on their cause of action for fraudulent misrepresentation and concealment against Velandia, and awarded them $99,180 in damages for that claim. The jury also awarded the Zunigas $25,000 in punitive damages against Velandia, based on its finding that Velandia acted "with malice, oppression, or fraud." The court entered judgment on July 7, 2014 and then entered an amended judgment on August 19, 2014, awarding costs of $22,337.84 to the Zunigas. Velandia timely appealed from the portion of the judgment rendered against him.

## DISCUSSION

Velandia appears to raise the following arguments on appeal: (1) the evidence introduced at trial proves the Zunigas' allegations of fraudulent misrepresentation and concealment against him "are fraudulent;" (2) the Zunigas failed to offer sufficient evidence to support the award of damages against him; and (3) the fraudulent misrepresentation and concealment claim "draw[s] this court into [a] constitutionally proscribed inquiry into the truth or falsity of his religious representations, beliefs, and ministerial relationships." However, Velandia has failed to provide us with *any* of the record of the trial in this matter. The paucity of the record is fatal to his appeal.

The judgment and orders of the trial court are presumed on appeal to be correct, "'and all intendments and presumptions are indulged'" in their favor. (*Schnabel v. Superior Court* (1993) 5 Cal.4th 704, 718, quoting *In re Marriage of Arceneaux* (1990) 51 Cal.3d 1130, 1133.) Appellant bears the burden of overcoming this presumption by

3

showing error on an adequate record. Where the appellant fails to provide an adequate reporter's transcript, "it is presumed that the unreported trial testimony would demonstrate the absence of error." (*Estate of Fain* (1999) 75 Cal.App.4th 973, 992; see also *Smith v. Laguna Sur Villas Condominium Assn.* (2000) 79 Cal.App.4th 639, 646-647; *Brown v. Boren* (1999) 74 Cal.App.4th 1303, 1320-1321.) "Failure to provide an adequate record on an issue requires that the issue be resolved against [appellant]." (*Hernandez v. California Hospital Medical Center* (2000) 78 Cal.App.4th 498, 502 (*Hernandez*).)

Here, Velandia failed to meet his burden to provide an adequate record on appeal. He elected to proceed without a reporter's transcript and did not designate any documents to be included in the clerk's transcript other than the items that are automatically included.[3] As a result, we cannot undertake a meaningful review of his claims on appeal. We have none of the testimony or evidence introduced at trial, no record of any objections made by Velandia, and none of the trial court's rulings. Velandia's factual citations in his briefs on appeal are to entries listed on the trial court's docket and thus are unsupported by any evidence in the record. We are therefore compelled by the state of the record to presume no error and affirm. (*Hernandez, supra,* 78 Cal.App.4th at p. 502.)[4]

---

[3] We note that Velandia checked the box on his notice designating record on appeal requesting that "all exhibits" be included in the clerk's transcript on appeal. No exhibits were included, but neither party raises this issue. While Velandia claims that he submitted exhibits at trial that constituted "sufficient proof" that he is a "Catholic priest from the Old Catholic Church," he offers no explanation as to what this evidence is or how it would meet his burden to establish reversible error. In any event, given the lack of a reporter's transcript, the inclusion of trial exhibits would not have fulfilled Velandia's burden to provide an adequate record.

[4] During oral argument, Velandia requested leave to submit the missing record. That request is denied. The fact that Velandia is appearing in pro. per. does not excuse him from compliance with the rules. (*First American Title Co. v. Mirzaian* (2003) 108 Cal.App.4th 956, 958.) It would be exceedingly unfair to the Zunigas to allow Velandia to essentially restart the appeals process by now providing the record that he was required

4

**DISPOSITION**

Affirmed.  The Zunigas are awarded their costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


COLLINS, J.


We concur:


EPSTEIN, P. J.


MANELLA, J.

---

to provide at the inception of his appeal.  We also note that the Zunigas raised this issue in their responding brief, but Zuniga took no action to provide a record prior to his request.

5