Filed 1/25/16  Ortiz v. Wells Fargo Bank CA2/3

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| JAMES ORTIZ et al., | B258913 |
| Plaintiffs and Appellants, | (Los Angeles County Super. Ct. No. VC063772) |
| v. | |
| WELLS FARGO BANK et al., | |
| Defendants and Respondents. | |

APPEAL from an order of the Superior Court of Los Angeles County, Roger Ito, Judge.  Affirmed.

James Ortiz, in pro. per., and Yolanda Y. Ortiz, in pro. per., for Plaintiffs and Appellants.

Wright Finlay & Zak, T. Robert Finlay and Kristina M. Pelletier for Defendants and Respondents.

Plaintiffs and appellants James Ortiz and Yolanda Y. Ortiz (the Ortizes), in propria persona, appeal an order of dismissal following the sustaining of the demurrers of defendants and respondents Wells Fargo Bank, N.A. (Wells) and Citibank, N.A., as trustee for American Home Mortgage Assets Trust 2006-3, Mortgage Backed Pass-Through Certificates Series 2006-3 (Citibank) (collectively, the Banks) to the Ortizes' first amended complaint without leave to amend.[1]

Because the Ortizes have failed to meet their burden as the appellants to present an adequate record for review, the order of dismissal is affirmed.

### FACTUAL AND PROCEDURAL BACKGROUND

The record on appeal is limited to a minimal clerk's transcript, consisting of the following documents: a notice of continued case management conference; an order dismissing the action following the sustaining of the Banks' demurrers without leave to amend; a notice of entry of the order of dismissal; a minute order sustaining the demurrers without leave to amend and placing the case management conference off calendar; the notice of appeal; postjudgment orders awarding the Banks $2,043 in costs and awarding Citibank $9,768 in attorney fees; notice of designation of the record on appeal and notice to reporter to prepare transcript on appeal; and proofs of service.

The Ortizes did not designate for inclusion in the clerk's transcript a copy of their original complaint or first amended complaint, the Banks' demurrers thereto, a copy of their motion for a continuance, or a copy of the disqualification motion which they allegedly filed on July 23, 2014.

With respect to the nature of the controversy, all we can glean from the record (from the superior court case summary and from the ruling on Citibank's motion for

---

[1] Although the Ortizes are representing themselves on appeal, their in propria persona status does not provide a basis for preferential consideration. As this court stated in *First American Title Co. v. Mirzaian* (2003) 108 Cal.App.4th 956, 958, footnote 1, " 'A party proceeding in propria persona 'is to be treated like any other party and is entitled to the same, but no greater consideration than other litigants and attorneys.' [Citation.] Indeed, ' "the in propria persona litigant is held to the same restrictive rules of procedure as an attorney." ' [Citation.]"

2

attorney fees) is that the Ortizes filed a quiet title/wrongful foreclosure action against the Banks in January 2014. The Banks' demurrers to the first amended complaint subsequently were sustained without leave to amend, the trial court entered an order of dismissal on August 12, 2014, and the Ortizes filed a timely notice of appeal on September 12, 2014.[2]

Thereafter, on November 25, 2014, the trial court made postjudgment awards of attorney fees and costs to the Banks.

## CONTENTIONS

The Ortizes contend, inter alia: the Banks never had any legal claim to their property; the trial court was biased in favor of the Banks; and the trial court should have granted a continuance of the Banks' demurrers to enable the Ortizes to complete discovery.

## DISCUSSION

*The Ortizes have not shown any error with respect to the dismissal of their action following the sustaining of the Banks' demurrers to their first amended complaint without leave to amend.*

It is rudimentary that an appellant must affirmatively show error by an adequate record. (9 Witkin, Cal. Procedure (5th ed. 2008) Appeal, § 628, p. 704.) The Ortizes have not provided this court with an adequate record for appellate review. The narrative in their briefs is not supported by the record which they have furnished to this court. On the record presented, there is no support for the Ortizes' arguments that they have viable claims against the Banks, that they were entitled to a continuance to conduct discovery, and that the trial judge was biased in favor of the Banks.

---

[2]  The notice of appeal filed September 12, 2014 specified orders made on May 6, 2014, July 17, 2014, and July 24, 2014. We deem the notice of appeal to refer to the order of dismissal entered on August 12, 2014, which is appealable pursuant to Code of Civil Procedure section 581d. We note the Ortizes' Case Information Statement specified the August 12, 2014 order of dismissal, not the earlier rulings.

It is a "cardinal rule of appellate review that a judgment or order of the trial court is presumed correct and prejudicial error must be affirmatively shown. [Citation.] 'In the absence of a contrary showing in the record, all presumptions in favor of the trial court's action will be made by the appellate court. "[I]f any matters could have been presented to the court below which would have authorized the order complained of, it will be presumed that such matters were presented." ' [Citation.] This general principle of appellate practice is an aspect of the constitutional doctrine of reversible error. [Citation.] ' "A necessary corollary to this rule is that if the record is inadequate for meaningful review, the appellant defaults and the decision of the trial court should be affirmed." ' [Citation.] 'Consequently, [appellant] has the burden of providing an adequate record. [Citation.] Failure to provide an adequate record on an issue requires that the issue be resolved against [appellant].' [Citation.]" (*Foust v. San Jose Construction Co., Inc.* (2011) 198 Cal.App.4th 181, 187.)

Accordingly, on the record presented, the August 12, 2014 order of dismissal, following the sustaining of the Banks' demurrers to the first amended complaint, is presumed to be correct and must be affirmed.

## DISPOSITION

The order of dismissal is affirmed.  The parties shall bear their respective costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


EDMON, P. J.


We concur:



ALDRICH, J.



LAVIN, J.