Filed 10/1/20  Little v. Law Office of Dominic Trutanich CA2/7

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# SECOND APPELLATE DISTRICT

# DIVISION SEVEN

| | |
|---|---|
| VERA LITTLE, | B277459 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. BC550070) |
| v. | |
| LAW OFFICE OF DOMINIC TRUTANICH, | |
| Defendant and Respondent. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Gregory Alarcon, Judge.  Affirmed.

Vera Little in pro. per., for Plaintiff and Appellant.

Law Offices of Dominic Trutanich and Anthony M. Horaites for Defendant and Respondent.

_____

After a car crashed into Vera Little's apartment, she asked Dominic Trutanich, an attorney, to file a property claim on her behalf. Subsequently, Little asked Trutanich to file a personal injury claim. Although she received full recovery for her property claim, Little's claim for personal injury was rejected because it was asserted after the statute of limitations had expired. Little sued Trutanich for legal malpractice, alleging he had not timely filed her personal injury claim. After a bench trial, the trial court ruled that Little did not have a meritorious claim for personal injury against the driver because she was not at home when the car crashed into her apartment. Therefore, the trial court entered judgment in favor of Trutanich. Little fails to argue that the trial court erred. Further, the trial court did not err in ruling for Trutanich. We affirm.

## FACTUAL AND PROCEDURAL HISTORY

On June 29, 2010 Phillip No's car crashed into Little's apartment in San Pedro causing damage to Little's personal property.[1] Little knew Trutanich, an attorney in San Pedro, since 1988. On a pro bono basis Trutanich had helped Little avoid an eviction. Subsequently, after Little requested that Trutanich file a property claim on her behalf, Trutanich asked Little to compile a list of the damaged items. Little spent years compiling her property damage claim. According to Trutanich, Little did not mention a personal injury claim.

Little received a letter dated January 29, 2013 from an insurance company advising her that the three-year time limit to

---

[1] The facts are based on a settled statement that the trial court certified and entered on January 22, 2019. (Cal. Rules of Court, rule 8.137(h)(1).)

2

file a property claim would expire in June 2013. She showed the letter to Trutanich. As June 2013 approached, Little insisted that Trutanich file not only a property claim, but also a personal injury claim. Trutanich testified that he told Little it "was too late to file the personal injury claim." Trutanich also testified he advised Little that the "personal injury claim would probably be defeated in the pleading stages." Little received $5,100 for her property damage claim. The personal injury claim was rejected "because it was untimely."[2]

On June 27, 2014 Little, representing herself, filed a complaint for professional negligence against Trutanich. In her complaint Little alleged that Trutanich breached duties owing to her "by failing to properly investigate [Little's] claims, failing to file her personal injury lawsuit within the two-year statute of limitations, failing to advise [Little] of his failure to comply with the appropriate statutes of limitations, and by failing to take steps to avoid conduct that would result in harm to [Little]." Little's complaint sought compensatory damages of $200,000 and general damages of $300,000.

The case was tried in a three-day bench trial on May 31, June 22, and June 23, 2016. Little was represented by counsel at the trial. In addition to Little and Trutanich, Josette Ciolino, Little's psychologist, and Anthony M. Horaites, Trutanich's trial counsel, testified.[3] Little testified that she was in her apartment

---

[2] It is unclear from the record who "rejected" Little's personal injury claim.

[3] Timothy Milner, a lawyer, also testified as Little's purported expert witness regarding the legal standard of care. However, the trial court ruled that Milner was not qualified to

at the time of the crash and that she "suffered personal injuries, specifically, PTSD (Post-Traumatic Stress Disorder), lost income and loss of use of her home." Little claimed that paramedics transported her by ambulance to a hospital emergency room after the crash. However, Little did not produce any hospital bills or records, first responder records, proof of an ambulance ride, or reports of personal or psychological injury complaints. There were "[n]o competent records . . . showing [Little] was present in her apartment at the time of the incident."

Trutanich testified that Little did not mention that she was at home when the accident occurred until June 2013 after the statute of limitations for a personal injury cause of action had expired. Horaites testified that Little told him "that the only reason she did not dismiss the attorney malpractice action against [Trutanich] was she wanted to keep pressure on [Trutanich] to do a good job on her property damage case." According to Horaites, Little admitted "she was not present [in her apartment] at the time of the incident and that she was not injured from the incident."

Little first saw Ciolino two and a half years after the accident. Ciolinio testified that Little "suffered from psychological injuries based on [the accident]." Although Little did not introduce any evidence of medical treatment at trial, Ciolinio concluded Little suffered post-traumatic stress syndrome as a result of the accident. Ciolinio had a $12,500 lien for psychological treatment of Little. (*Id.*)

---

testify as an expert. Little does not challenge that ruling on appeal.

In his closing brief Trutanich argued Little could not prevail her on claim for legal malpractice because "she had no valid claim against [No]." Trutanich pointed out that there were two circumstances in which a plaintiff can recover without a physical injury under a cause of action for negligent infliction of distress. First, a "direct victim" theory did not exist because the "incident did not involve a mishandling of any corpse[,] a misdiagnoses of any disease," or a "pre-exiting relationship between Little and No." Second, because no one, including Little, was physically injured in the accident, Little could not recover against No under a "bystander" negligent infliction of emotional distress claim. Trutanich also argued, Little was not a "bystander" because she was outside of the "zone of danger" created by No's negligence.

In her closing brief Little argued that she "could have prevailed with a reasonable judge or jury for a claim of negligent infliction of emotional distress" against No. In response to Trutanich's argument that her claim was precluded because "she was not present at the time of the accident," Little contended that "she was present at the moment of the accident" and that "[s]he saw the devastation of her apartment within seconds of the accident." Little further argued that traditional negligent infliction of emotional distress factors "of actually witnessing the pertinent injury have been expanded to include any sensory perception of causal factor."

By order dated July 6, 2016, finding there was "[n]o credible evidence" to support Little's claim that she was in her apartment at the time of the accident, the trial court ruled in favor of Trutanich. The trial court ruled, "The issue presented was whether [Trutanich] should be held liable for [Little's]

5

personal injuries because of [Trutanich's] failure to file a claim, as her attorney of record, within the applicable statute of limitations? As a preliminary matter, [Little] had to establish to the court that she was home to have a colorable personal injury claim at the time the vehicle crashed into her apartment so she could potentially recover mental and emotional damages resulting from Post-Traumatic Stress Disorder (PTSD). [Little's] testimony at trial lacked credibility, specifically that [Little] was home at the time of the accident. This was corroborated by the testimony of [Trutanich] and his defense attorney's testimony, Anthony Horaites, regarding their mutual lack of knowledge about the fact that [Little] claimed she was at home and had been injured. [Little's] credibility is undermined by her inability to recall what occurred after she supposedly immediately saw the car was in her home. Specifically, [Little] claimed she was transported to the emergency room but could not recall being transported. While it may be that [Little] experienced memory loss regarding her supposed transportation to the emergency room, she did not answer questions posed to her about any subsequent billing, nor did [Little] submit as evidence any billing (Evidence Code Section 780). As [Little] has failed to carry her burden, the court finds for [Trutanich] and against [Little]. (CACI 107, 200, 600, and 601)."

On September 6, 2016 Little filed an appeal from the July 6, 2016 order. The trial court entered judgment in favor of Trutanich on October 17, 2016.[4]

---

[4] Although Little filed her notice of appeal before the judgment was entered, we deem the premature notice of appeal to have been filed immediately after the subsequently entered

6

## DISCUSSION

### A. *The Judgment Is Presumed Correct*

"A cardinal rule of appellate review is that the judgment or order of the trial court is presumed correct and prejudicial error must be shown." (*Center for Biological Diversity v. Department of Conservation, etc.* (2019) 36 Cal.App.5th 210, 226; accord, *Foust v. San Jose Construction Co., Inc.* (2011) 198 Cal.App.4th 181, 187.) "'To demonstrate error, an appellant must supply the reviewing court with some cogent argument supported by legal analysis and citation to the record.'" (*Hernandez v. First Student, Inc.* (2019) 37 Cal.App.5th 270, 277; accord, *Flores v. Department of Corrections & Rehabilitation* (2014) 224 Cal.App.4th 199, 204 ["appellant must challenge [the judgment] by 'rais[ing] claims of reversible error or other defect [citation], and "present[ing] argument and authority on each point made."'"]; *County of Orange v. Smith* (2005) 132 Cal.App.4th 1434, 1443 ["the appellant must identify each order that he asserts is erroneous, cite to the particular portion of the record wherein that ruling is contained, and identify what particular legal authorities show error with respect to each challenged order"].) We will not reverse a judgment unless the appellant affirmatively demonstrates both error and resulting prejudice. (*Cassim v. Allstate Ins. Co.* (2004) 33 Cal.4th 780, 801-802.)

We acknowledge a self-represented litigant's understanding of the rules on appeal is likely more limited than an experienced appellate attorney's, and whenever possible, we will not strictly apply technical rules of procedure in a manner that deprive a

judgment. (Cal. Rules of Court, rule 8.104(d)(2); *Fuller v. First Financial Corp.* (2013) 216 Cal.App.4th 955, 959.)

7

litigant of a hearing. Nevertheless, we must apply the procedural and substantive principles and rules of appellate review to a self-represented litigant's arguments on appeal, just as we would to litigants represented by attorneys. (See *In re Marriage of Furie* (2017) 16 Cal.App.5th 816, 824; *Hopkins & Carley v. Gens* (2011) 200 Cal.App.4th 1401, 1413; *First American Title Co. v. Mirzaian* (2003) 108 Cal.App.4th 956, 958, fn. 1].) These rules apply with equal force to [Little], even though she is representing herself on appeal. The law affords in propria persona litigants "'the same, but no greater consideration than other litigants and attorneys.'" (*Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1247; accord, *Niko v. Foreman* (2006) 144 Cal.App.4th 344, 368 ["'[t]his court is not inclined to act as counsel for him or any appellant and furnish a legal argument as to how the trial court's rulings in this regard constituted an abuse of discretion' . . . or a mistake of law"].)

B.    *The Trial Court Did Not Err in Ruling for Trutanich*

1.    *Standard of Review*

"On appeal from a determination of failure of proof at trial, the question for the reviewing court is "'whether the evidence compels a finding in favor of the appellant as a matter of law.'"" (*Almanor Lakeside Villas Owners Assn. v. Carson* (2016) 246 Cal.App.4th 761, 769; accord, *Eisen v. Tavangarian* (2019) 36 Cal.App.5th 626, 647; *Juen v. Alain Pinel Realtors, Inc.* (2019) 32 Cal.App.5th 972, 978; *Dreyer's Grand Ice Cream, Inc. v. County of Kern* (2013) 218 Cal.App.4th 828, 838.)

""'Specifically, the question becomes whether the appellant's evidence was (1) 'uncontradicted and unimpeached' and (2) 'of such a character and weight as to leave no room for a judicial determination that it was insufficient to support a finding.'""" (*Patricia A. Murray Dental Corp. v. Dentsply*

*Internat., Inc.* (2018) 19 Cal.App.5th 258, 270; accord, *Petitpas v. Ford Motor Co.* (2017) 13 Cal.App.5th 261, 302-303.) "'Where, as here, the judgment is against the party who has the burden of proof, it is almost impossible for him [or her] to prevail on appeal by arguing the evidence compels a judgment in his [or her] favor. That is because unless the trial court makes specific findings of fact in favor of the losing plaintiff, we presume the trial court found the plaintiff's evidence lacks sufficient weight and credibility to carry the burden of proof. [Citations.] We have no power on appeal to judge the credibility of witnesses or to reweigh the evidence.'" (*Patricia A. Murray Dental Corp.,* at p. 270; accord, *Bookout v. State of California ex rel. Dept. of Transportation* (2010) 186 Cal.App.4th 1478, 1486.)

### 2. *Applicable Law*

A cause of action for legal malpractice requires a plaintiff to establish the following four elements: "(1) the duty of the attorney to use such skill, prudence, and diligence as members of his or her profession commonly possess and exercise; (2) a breach of that duty; (3) a proximate causal connection between the breach and the resulting injury; and (4) actual loss or damage resulting from the attorney's negligence." (*Coscia v. McKenna & Cuneo* (2001) 25 Cal.4th 1194, 1199.) "In a litigation malpractice action, the plaintiff must establish that *but for* the alleged negligence of the defendant attorney, the plaintiff would have obtained a more favorable judgment or settlement in the action in which the malpractice allegedly occurred." (*Viner v. Sweet* (2003) 30 Cal.4th 1232, 1241 (*Viner*).) "The purpose of this requirement, which has been in use for more than 120 years, is to safeguard against speculative and conjectural claims. [Citation.] It serves the essential purpose of ensuring that damages awarded for the

attorney's malpractice actually have been caused by the malpractice." (*Ibid.*)

Where it is alleged that an attorney's malpractice resulted in the loss of a claim, the plaintiff must show the lost claim was "meritorious." (*Gutierrez v. Mofid* (1985) 39 Cal.3d 892, 900.) "[T]he method for proving the element of causation for this cause of action has been likened to a 'trial within a trial' or a 'case within a case.'" (*Ambriz v. Kelegian* (2007) 146 Cal.App.4th 1519, 1531.) "'Proof of legal malpractice requires proof not only of negligence by the lawyer but also of causation, a trial within a trial to establish that, but for the lawyer's negligence, the client would have prevailed in the underlying action.'" (*Kurinij v. Hanna & Morton* (1997) 55 Cal.App.4th 853, 864.) This is "'an objective approach to decide what *should have been the result* in the underlying proceeding or matter.'" (*Ambriz,* at p. 1531; accord, *Blanks v. Seyfarth Shaw LLP* (2009) 171 Cal.App.4th 336, 357 ["'Even though "should" and "would" are used interchangeably by the courts, the standard remains an *objective* one. The trier of fact determines what *should* have been, not what the result *would* have been, or could have been, or might have been, had the matter been before a *particular judge* or jury'"].)

"'The mere breach of a professional duty, causing only nominal damages, speculative harm, or the threat of future harm–not yet realized–does not suffice to create a cause of action for negligence.'" (*Jordache Enterprises, Inc. v. Brobeck, Phleger & Harrison* (1998) 18 Cal.4th 739, 750; accord, *Filbin v. Fitzgerald* (2012) 211 Cal.App.4th 154, 165 ["'If the allegedly negligent conduct does not cause damage, it generates no cause of action in

10

tort.'"].) "'[S]imply showing the attorney erred is not enough.'"
(*Filbin,* at p. 165.)

Thus, to prevail at trial against Trutanich, Little had to prove a meritorious negligence cause of action against No.

> 3. *Little Failed to Establish that She Had a Meritorious Claim Against No*

At trial Little contended that she was injured because she was present in her apartment when the crash occurred. As stated, based upon the lack of records and the testimony of Trutanich and Horaites, the trial court found Little's testimony "lacked credibility." We are required to accept the trial court's finding that Little was not at home at the time of crash. (See *Western States Petroleum, Assn. v. Superior Court* (1995) 9 Cal.4th 559, 571 ["'[w]hen two or more inferences can be reasonably deduced from the facts, the reviewing court is without power to substitute its deductions from those of the trial court'"]; *Hawkins v. City of Los Angeles* (2019) 40 Cal.App.5th 384, 393 [credibility is the exclusive province of the trier of fact]; *Orozco v. WPV San Jose, LLC* (2019) 36 Cal.App.5th 375, 391 ["'[w]e are 'not a second trier of fact'"]; *Sav-On Drug Stores, Inc. v. Superior Court* (2004) 34 Cal.4th 319, 334 ["'questions as to the weight and sufficiency of the evidence, the construction to be put upon it, the inferences to be drawn therefrom, the credibility of witnesses . . . and the determination of [any] conflicts and inconsistencies in their testimony are matters for the trial court to resolve'"].)

In her briefs Little states that she suffered personal injuries as a result of No's car crashing into her apartment when "she was present at home." She further argues that Trutanich was her attorney and that he failed to timely file her personal injury claim. However, in rendering its ruling, the trial court

11

assumed that Trutanich was her attorney. Little does not address the trial court's finding that she was not in her apartment at the time of the crash. Little does not argue that the trial court committed error. We presume that the judgment is correct. (*Hernandez v. First Student, Inc., supra,* 37 Cal.App.5th at p. 277; *Center for Biological Diversity v. Department of Conservation, etc., supra,* 36 Cal.App.5th at p. 226.)

Further, even if Little had contested the trial court's finding that she was not at home at the time of the accident, Little's evidence was not uncontradicted and unimpeached. Therefore, Little could not have met her burden on appeal because the evidence does not compel a finding in her favor as a matter of law. (*Juen v. Alain Pinel Realtors, Inc., supra,* 32 Cal.App.5th at p. 978; *Almanor Lakeside Villa Owners Assn. v. Carson, supra,* 246 Cal.App.4th at p. 769.)

Because Little premised her negligence cause of action against No on her being present in her apartment when the accident occurred, given the trial court's finding that she was not at home, Little did not establish a meritorious claim against No. Lacking a meritorious claim against No, the trial court correctly ruled against Little on her legal malpractice claim against Trutanich.[5]

---

[5] If Little had established that she was at home when the accident occurred and that she reasonably feared for her safety, she may have established a meritorious negligence cause of action against No, even though she was not physically injured. (See *Wooden v. Raveling* (1998) 61 Cal.App.4th 1035, 1037 [court reversed the trial court's dismissal of negligence cause of action seeking only emotional distress damages where plaintiff was nearly struck by defendant's car in her front yard]; see generally

**DISPOSITION**

The judgment is affirmed.  The parties shall bear their own costs on appeal.


DILLON, J.*


We concur:


PERLUSS, P. J.


FEUER, J.

---

*Potter v. Firestone Tire & Rubber Co.* (1993) 6 Cal.4th 965, 1021 (conc. and dis. opn. of George, J.) ["for example, if an automobile driver negligently speeds by a pedestrian in a crosswalk, narrowly missing the pedestrian but causing him or her reasonably to suffer serious emotional distress as a result of the encounter, the pedestrian is entitled to recover damages for reasonable emotional distress, even though the driver's conduct, while posing a risk of personal harm to the pedestrian, did not in fact inflict any direct physical injury"].)

* Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.