Filed 5/25/22  Mitiku v. Bentley CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| TEKLE MITIKU,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>RODERICK BENTLEY,<br><br>    Defendant and Respondent. | D078329<br><br><br><br>(Super. Ct. No. 37-2020-<br>00029368-CU-HR-CTL) |


APPEAL from an order of the Superior Court of San Diego County, Daniel Link, Judge.  Affirmed.

Tekle Mitiku, in pro. per., for Plaintiff and Appellant.

No appearance for Defendant and Respondent.


Tekle Mitiku, who is self-represented, appeals the superior court's denial of his petition for a restraining order.  Mitiku appears to argue that a neighbor is harassing his family and vandalizing his property.  Because Mitiku fails to carry his burden to show any reversible error by the trial court, we must affirm.

BACKGROUND

The limited record in this case shows that on November 4, 2020, after a hearing, the trial court issued a minute order denying Mitiku's petition for a restraining order under Code of Civil Procedure section 527.6. The brief order indicates the parties were sworn to testify at the hearing and that Mitiku failed to meet his burden to prove the existence of harassment by clear and convincing evidence.

Mitiku timely appealed from the order denying his petition.

DISCUSSION

Mitiku's opening brief is difficult to understand but appears to argue that Mitiku and his family are the victims of ongoing harassment by a neighbor, Shandel Bentley. The underlying petition here was filed against Shandel's father Roderick Bentley.[1] Without reference to any court records, Mitiku alleges that Shandel is a probationer who has been convicted of sex trafficking immigrants, like Mitiku's family members, and that Shandel is pursuing Mitiku's daughters and wife. Neither Mitiku's brief nor the record before this court contains any explanation of what evidence was submitted in the trial court in support of his petition seeking to protect him from Shandel's father Roderick.

It is a "cardinal rule of appellate review that a judgment or order of the trial court is presumed correct and prejudicial error must be affirmatively shown." (*Foust v. San Jose Construction Co., Inc.* (2011) 198 Cal.App.4th 181, 187.) "[T]he appellant has the burden of demonstrating prejudicial error." (*Hotels Nevada, LLC v. L.A. Pacific Center, Inc.* (2012) 203

---

[1]    Mitiku filed a petition for a restraining order against Shandel, which was denied on the same day. Mitiku has also appealed the denial in that related case, Case No. D078318.

2

Cal.App.4th 336, 348.) If the appellant cannot show error in the record, the presumption of correctness requires us to affirm the order. (*Foust*, at p. 187.)

An appellant is bound by many rules of appellate procedure designed to facilitate our review of claims of reversible error. For example, an appellate brief must "[s]upport any reference to a matter in the record by a citation to the volume and page number of the record where the matter appears." (Cal. Rules of Court, rule 8.204(a)(1)(C); *Pierotti v. Torian* (2000) 81 Cal.App.4th 17, 29 ["It is axiomatic that an appellant must support all statements of fact in his briefs with citations to the record"].)

Mitiku's brief contains factual allegations but no accurate citations to the record. For this reason, the brief violates rule 8.204(a)(1)(C) of the California Rules of Court. This rule requires a party to support each reference to a matter in the record by a citation to the record. (*Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246 [statements in appellate briefs not supported by citations to the record are improper and cannot be considered].) Because of this deficiency we must deem forfeited those issues that Mitiku has failed to adequately support with record citations. (*Lonely Maiden Productions, LLC v. Golden Tree Asset Management, LP* (2011) 201 Cal.App.4th 368, 384.)

In addition, "[m]atters not properly raised or that are lacking in adequate legal discussion will be deemed forfeited." (*Okorie v. Los Angeles Unified School Dist.* (2017) 14 Cal.App.5th 574, 600, disapproved on another ground in *Bonni v. St. Joseph Health System* (2021) 11 Cal.5th 995, 1011.) "[I]t is not this court's role to construct theories or arguments that would undermine the judgment and defeat the presumption of correctness. Rather, an appellant is required to present a cognizable legal argument in support of reversal of the judgment. 'When an issue is unsupported by pertinent or

cognizable legal argument it may be deemed abandoned and discussion by the reviewing court is unnecessary.' " (*Ibid*.) Issues that are not raised or supported by argument and citation to legal authority are forfeited. (*Ibid*.)

Mitiku has failed to support his claim that reversal is required with a reasoned argument. He does not identify any basis on which to reverse the trial court's finding that he failed to meet the burden of proof required for the issuance of a restraining order. Critically, he has not explained why the court's decision was in error. While Mitiku does provide citations to some legal and other authority, he does not explain how the authority relates to any claimed error or why the authority is relevant to the facts before us. (See Cal. Rules of Court, rule 8.204(a).)

We understand that Mitiku is self-represented and appreciate the difficulties posed by this position. However, his status as a party appearing in propria persona does not allow for preferential consideration. (*Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 984–985.) "A party proceeding in propria persona 'is to be treated like any other party and is entitled to the same, but no greater[,] consideration than other litigants and attorneys.' [Citation.] … ' "[T]he in propria persona litigant is held to the same restrictive rules of procedure as an attorney." ' " (*First American Title Co. v. Mirzaian* (2003) 108 Cal.App.4th 956, 958, fn. 1.)

Accordingly, Mitiku must follow the rules of appellate procedure and present an argument for reversal supported by the record and applicable legal authority. Based on Mitiku's opening brief, we are not able to evaluate his arguments. (See *Paterno v. State of California* (1999) 74 Cal.App.4th 68, 106 ["An appellate court is not required to examine undeveloped claims, nor to make arguments for parties."].) As a result, we are compelled to conclude Mitiku has forfeited any appellate contentions. Further, the absence of any

4

cogent legal argument requires us to presume the trial court's order is correct. Accordingly, we must affirm the order denying his petition for a restraining order.

## DISPOSITION

Affirmed. Appellant to bear his own costs.



McCONNELL, P. J.

WE CONCUR:


HUFFMAN, J.


AARON, J.