Filed 10/18/23

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| L.O.,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>DAVID MATTHEW KILRAIN,<br>    Defendant and Appellant.<br><br>_____<br><br>CITY OF SANTA BARBARA,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>DAVID MATTHEW KILRAIN,<br>    Defendant and Appellant. | 2d Civ. No. B321294<br>(Cons. w/ B322754)<br>(Super. Ct. Nos. 21CV04198,<br>22CV01697)<br>(Santa Barbara County) |

Failure to comply with time-honored rules of appellate procedure may result in forfeiture of the issues on appeal.

David Matthew Kilrain appeals from a three-year workplace violence restraining order obtained against him by the

City of Santa Barbara (the City) on behalf of five of its employees, and a five-year civil harassment restraining order obtained by L.O.[1]  (Code Civ. Proc., §§ 527.6, 527.8; all statutory references are to the Code of Civil Procedure).  We will affirm both restraining orders.

## FACTUAL AND PROCEDURAL HISTORY

In October 2021, L.O. petitioned for a restraining order against Kilrain pursuant to section 527.6.  The petition alleged that Kilrain had been harassing L.O. because she is transgender by, among other things, posting disturbing YouTube videos about her, using a cell phone to film her, and committing an assault against her.[2]

The court granted a temporary restraining order (TRO) pending an evidentiary hearing.  Following the hearing at which L.O. and Kilrain testified, the trial court found that L.O.'s testimony was "credible" and that Kilrain had demonstrated "that he does, in general, have animus towards transgender people."  The court rejected Kilrain's assertion that L.O.'s allegations against him were "motivated by a broader political agenda or any local political agenda surrounding the mayor[al] election of 2021," in which Kilrain was a candidate, and added "[t]here's simply no evidence that . . . [L.O.] is involved in any sort of conspiracy."  Accordingly, the court issued a five-year

---

[1] We refer to L.O. by her initials to protect her privacy.

[2] We grant Kilrain and L.O.'s unopposed motions to augment the record on appeal in case number B321294 to include trial court documents that were not included in Kilrain's designation of the record on appeal.  (Cal. Rules of Court, rule 854(c).)

restraining order in favor of L.O. in accordance with section 527.6.

The same day that the restraining order was issued on behalf of L.O., the City petitioned for a workplace violence restraining order against Kilrain on behalf of five City employees pursuant to section 527.8. The petition was supported by the employees' declarations detailing numerous instances of appellant's aggressive and threatening behavior toward them. Following its issuance of a temporary restraining order, the court held an evidentiary hearing at which all five the affected employees testified. At the conclusion of the hearing, the court found that Kilrain's "course of conduct, his aggressive action[s], his threats to settle the score, and the manner in which he acted towards City employees are a credible threat of violence."

The court stated: "A workplace violence restraining order is granted in this case because [Kilrain's] statement[s] and course of conduct would place a reasonable person to be in fear for his or her safety." In its written decision, the court found that the City employees' testimony was "very credible" and "believable" and "supported the City's contention." Accordingly, the court issued a three-year restraining order as requested by the City.

## DISCUSSION

Kilrain contends that both restraining orders were erroneously issued. We agree with respondents that Kilrain has forfeited his contentions by failing to comply with the applicable rules of appellate procedure.

"[I]t is a fundamental principle of appellate procedure that a trial court judgment is ordinarily presumed to be correct and the burden is on an appellant to demonstrate, on the basis of the record presented to the appellate court, that the trial court

3

committed an error that justifies reversal of the judgment. [Citations.]" (*Jameson v. Desta* (2018) 5 Cal.5th 594, 608-609.) "This means that an appellant must do more than assert error and leave it to the appellate court to search the record and the law books to test his claim. The appellant must present an adequate argument including citations to supporting authorities and to relevant portions of the record. [Citations.]" (*Yield Dynamics, Inc. v. TEA Systems Corp.* (2007) 154 Cal.App.4th 547, 557.) Accordingly, the California Rules of Court expressly require appellate briefs to "[s]tate each point . . . and support each point by argument and, if possible, by citation of authority" and to "[s]upport any reference to a matter in the record by a citation to the volume and page number of the record where the matter appears." (Cal. Rules of Court, rule 8.204(a)(1)(B) & (C).)

"It is not our place to construct theories or arguments to undermine the judgment and defeat the presumption of correctness." (*Benach v. County of Los Angeles* (2007) 149 Cal.App.4th 836, 852.) Nor are we "required to search the record on [our] own seeking error." (*Del Real v. City of Riverside* (2002) 95 Cal.App.4th 761, 768.) Consequently, "[w]hen an appellant fails to raise a point, or asserts it but fails to support it with reasoned argument and citations to authority, we treat the point as waived. [Citation.]" (*Benach*, at p. 852.) Likewise, "'[i]f a party fails to support an argument with the necessary citations to the record, . . . the argument [will be] deemed to have been waived. [Citation.]' [Citations.]" (*Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246 (*Nwosu*).) These rules apply both to parties represented by counsel and self-represented parties. (See *Nwosu*, at pp. 1246-1247.) "A party proceeding in propria persona 'is to be treated like any other party and is entitled to the

4

same, but no greater consideration than other litigants and attorneys.' [Citation.]" (*First American Title Co. v. Mirzaian* (2003) 108 Cal.App.4th 956, 958, fn. 1.)

Kilrain's briefs do not properly cite the record and are replete with unsupported legal and factual assertions. Because Kilrain failed to appropriately cite the record, he forfeited any argument that the challenged orders were erroneously issued. (See *Nwosu, supra*, 122 Cal.App.4th at p. 1246.)

Kilrain also forfeited his specific argument that the restraining orders are not supported by substantial evidence by failing to set forth the evidence offered to support those orders. (See *City of Los Angeles v. Herman* (2020) 54 Cal.App.5th 97, 102 [workplace violence restraining orders reviewed for substantial evidence]; see also *City of San Jose v. Garbett* (2010) 190 Cal.App.4th 526, 538 [applying substantial evidence standard of review to civil restraining order].) "[A]n attack on the evidence without a fair statement of the evidence is entitled to no consideration when it is apparent that a substantial amount of evidence was received on behalf of the respondent." (*Nwosu, supra*, 122 Cal.App.4th at p. 1246.) Thus, "[a]n appellant . . . who cites and discusses only evidence in [their] favor fails to demonstrate any error and waives the contention that the evidence is insufficient to support the judgment. [Citations.]" (*Rayii v. Gatica* (2013) 218 Cal.App.4th 1402, 1408; see also *Doe v. Roman Catholic Archbishop of Cashel & Emly* (2009) 177 Cal.App.4th 209, 218 [appellant forfeited issue on appeal by failing to "set forth, discuss, and analyze all [of] the evidence on that point, both favorable and unfavorable" in opening brief].)

Kilrain's briefs do not set forth all the evidence upon which both restraining orders are based. For example, he does not

discuss or offer record citations to all of the relevant testimony offered by L.O. or the City employees for whom the workplace violence restraining order was issued.  By failing to accurately discuss the record, Kilrain did not provide a fair statement of the evidence.  Kilrain also fails to support his arguments with the appropriate legal authority and reasoned arguments.  He has thus forfeited his claims that the orders were erroneously issued. (*Nwosu, supra*, 122 Cal.App.4th at p. 1246; *Badie v. Bank of America* (1998) 67 Cal.App.4th 779, 784-785; *Sabbah v. Sabbah* (2007) 151 Cal.App.4th 818, 822, fn. 6.)

## DISPOSITION

The restraining orders are affirmed.  Respondents shall recover their costs on appeal.

<u>CERTIFIED FOR PUBLICATION.</u>


CODY, J.

We concur:


GILBERT, P. J.


YEGAN, J.

Stephen Foley, Thomas P. Anderle, Judges
Superior Court County of Santa Barbara

_____

David Matthew Kilrain, in pro. per., for Defendant and Appellant.

Ferreira Law Group, Gabrielle Ferreira, for Plaintiff and Respondent L.O.

Sarah Knecht, City Attorney/City Prosecutor, Denny Wei, Assistant City Prosecutor, for Plaintiff and Respondent City of Santa Barbara.