Filed 2/18/25  Marriage of MacGillivray CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| In re the Marriage of ANASTASIA and JOSHUA MACGILLIVRAY. | |
| ANASTASIA KALININA, | D083469 |
| Respondent, | (Super. Ct. No. 19FL015420N) |
| v. | |
| JOSHUA MACGILLIVRAY, | |
| Appellant. | |

APPEAL from orders of the Superior Court of San Diego County, Matthew Brower, Judge.  Affirmed.

Joshua MacGillivray, in pro. per, for Appellant.

Anastasia Kalinina, in pro. per, for Respondent.


Joshua MacGillivray appeals family court orders, entered after the judgment of dissolution of marriage, requiring him to pay spousal support to his former wife, Anastasia Kalinina.  MacGillivray challenges both an order requiring him to pay support and the denial of his subsequent motion to

reconsider or set aside that order. He contends the family court erred in various ways, including that Kalinina defrauded the court by misrepresenting her assets and income. We affirm the orders.

## BACKGROUND[1]

The parties were married in 2005 and have one minor child together. Kalinina filed a petition for dissolution of their marriage in 2019. In March 2021, the parties entered a marital separation agreement "regarding the characterization and distribution of marital assets and debts," which

[1] The record designated by MacGillivray does not contain many of the documents necessary to explain the background of the case. The designated record also does not contain the orders that MacGillivray is appealing. Kalinina, however, filed a motion to augment the record with the family court's minute order addendum containing its ruling on MacGillivray's motion to reconsider or set aside the spousal support order. Her motion to augment is granted with respect to the addendum, which provides the basis for this background. Kalinina's motion also requests augmentation of the record to include her response to MacGillivray's motion to set aside the judgment. The motion is also granted with respect to this document.

In addition, MacGillivray filed two requests for judicial notice in this court. The first, filed on May 31, 2024, asks for judicial notice of Kalinina's "Final Declaration of Disclosure Attachment" (exhibit 1); "Proof [Kalinina] has tenants living in her property she claimed at trial was inhabitable", which consists of pages printed from a real estate website with MacGillivray's comments and photographs (exhibit 2); and "Judges ruling on order to compel and proof other party refused to follow court order" (exhibit 3). The request is denied. The disclosure declaration, exhibit 1, is illegible and contains MacGillivray's comments, which do not appear to be part of the trial court proceedings. Likewise, exhibit 3, contains redactions and comments that do not appear to be part of the original documents. Exhibit 2, the "Proof" of tenants, also post-dates the proceedings in the trial court, and is not information that is properly part of the appellate record or subject to judicial notice. MacGillivray's second request, filed on July 23, 2024, asks this court to take judicial notice of two additional exhibits: (1) Kalinina's bank account statements that were not presented in the trial court and (2) an excerpt of the judge's trial notes from August 2023 with MacGillivray's comments overlayed. This request is also denied.

2

"included virtually all personal property, vehicles, houses, debts, and attorney's fees." The parties then went to trial on remaining issues in November 2021. After a two-day trial, the court "took status on the final dissolution" of the marriage and entered judgment. The court reserved the issue of spousal support for a subsequent trial.

Before the trial, MacGillivray alleged Kalinina failed to disclose rental income "stemming from properties she had allegedly purchased with her marital distribution," prompting the court to reopen discovery. Throughout 2022 and the first half of 2023, the parties engaged in litigation over the scope of discovery and also interim spousal and child support. MacGillivray filed several requests for orders to compel discovery concerning Kalinina's assets. In June 2023, the court set the trial on the issues of spousal support and child support arrears for August 10, 11, and 14, 2023. The parties agreed to the trial dates and also did not object to a shortened discovery period to accommodate the dates.

At trial, MacGillivray was self-represented and Kalinina was represented by counsel. The parties both testified about the Family Code section 4320 factors bearing on the court's spousal support decision.[2] No other witnesses were called to testify. The proceedings were not recorded by a court reporter. Following evidence, argument, and the court's deliberation, the court ordered MacGillivray to pay monthly spousal support to Kalinina in the amount of $1,200, a reduction of the temporary support in place before trial of $1,465. On September 25, 2023, the court entered a partial judgment in accordance with the decision.

A few days after trial, on August 17, 2023, MacGillivray filed a motion to reconsider and set aside the judgment regarding spousal support. A

---

[2] Subsequent undesignated statutory references are to the Family Code.

3

hearing on the motion took place on October 27, 2023, and both parties appeared without counsel. The court issued its written decision denying MacGillivray's motion on October 30. The decision outlined 18 arguments asserted by MacGillivray challenging the court's order of spousal support, and the court's basis for rejecting each argument.

MacGillivray filed a notice of appeal on November 8, 2023, indicating he was appealing from the September 25, 2023 judgment.

DISCUSSION

MacGillivray is self-represented on appeal. His legal arguments are challenging to decipher, but his primary contentions seem to be that the family court did not provide him sufficient time to prepare his case; Kalinina failed to disclose all of her income and assets; and the family court was biased against him. MacGillivray also argues that the family court did not adequately consider his motion to set aside the spousal support order. As we shall explain, these arguments do not allow us to overturn the family court orders challenged by MacGillivray.

I

*Legal Standards*

Spousal support is governed by section 4320. Under that provision, "the trial court *must* consider and weigh all of the circumstances enumerated in the statute, to the extent they are relevant to the case before it." (*In re Marriage of Cheriton* (2001) 92 Cal.App.4th 269, 302 (*Cheriton*).) "The first of the enumerated circumstances, the marital standard of living, is relevant as a reference point against which the other statutory factors are to be weighed." (*Ibid*.) "The other statutory factors include: contributions to the supporting spouse's education, training, or career; the supporting spouse's ability to pay; the needs of each party, based on the marital standard of

4

living; the obligations and assets of each party; the duration of the marriage; the opportunity for employment without undue interference with the children's interests; the age and health of the parties; tax consequences; the balance of hardships to the parties; the goal that the supported party be self-supporting within a reasonable period of time; and any other factors deemed just and equitable by the court." (*Id*. at pp. 303–304.)

" 'In making its spousal support order, the trial court possesses broad discretion so as to fairly exercise the weighing process contemplated by section 4320, with the goal of accomplishing substantial justice for the parties in the case before it.' [Citation.] In balancing the applicable statutory factors, the trial court has discretion to determine the appropriate weight to accord to each. [Citation.] But the 'court may not be arbitrary; it must exercise its discretion along legal lines, taking into consideration the applicable circumstances of the parties set forth in [the statute], especially reasonable needs and their financial abilities.' [Citation.] Furthermore, the court does not have discretion to ignore any relevant circumstance enumerated in the statute. To the contrary, the trial judge must both recognize and *apply* each applicable statutory factor in setting spousal support." (*Cheriton, supra*, 92 Cal.App.4th at p. 304.)

In response to MacGillivray's arguments, Kalinina—who is also self-represented on appeal—argues MacGillivray's brief does not follow the rules of appellate procedure and, therefore, his appeal should be dismissed. "A party proceeding in propria persona 'is to be treated like any other party and is entitled to the same, but no greater[,] consideration than other litigants and attorneys.' [Citation.] … ' "[T]he in propria persona litigant is held to the same restrictive rules of procedure as an attorney." ' " (*First American Title Co. v. Mirzaian* (2003) 108 Cal.App.4th 956, 958, fn. 1.) Accordingly,

5

MacGillivray must follow the rules of appellate procedure and present an argument for reversal supported by the record and applicable legal authority. (See *Paterno v. State of California* (1999) 74 Cal.App.4th 68, 106 ["An appellate court is not required to examine undeveloped claims, nor to make arguments for parties."].)

## II

### *Analysis*

MacGillivray asserts that Kalinina "purchased, sold, transferred and concealed 4 different properties," which "prevented full disclosure of all her assets and income." He does not, however, provide any citation to the record to support this assertion or show that the family court did not consider the properties. In addition, MacGillivray does not explain how this assertion, if established by the record, supports reversal of the trial court's decisions. MacGillivray's argument, therefore, provides no basis to overturn the family court's orders. (See *United Grand Corp. v. Malibu Hillbillies, LLC* (2019) 36 Cal.App.5th 142, 146 (*United Grand*) [" 'an appellant must supply the reviewing court with some cogent argument supported by legal analysis and citation to the record' "].)

MacGillivray next argues he was provided insufficient time to prepare for trial after receiving Kalinina's final disclosure of financial information, and that the financial information he received prior to trial showed Kalinina did not "disclos[e] her investments, business income, assets, or accurate banking sums." As with his prior argument, MacGillivray does not explain what the family court failed to consider, or provide any record citation to support his arguments. Again, this failure bars us from providing relief. (*United Grand, supra,* 36 Cal.App.5th at p. 146; see also *Champir, LLC v. Fairbanks Ranch Assn.* (2021) 66 Cal.App.5th 583, 597 ["In order to

6

demonstrate error, an appellant must supply the reviewing court with some cogent argument supported by legal analysis and citation to the record."].) In addition, as the family court noted in its decision denying MacGillivray's motion to reconsider or set aside the spousal support award, MacGillivray agreed to the shortened timeline. This agreement precludes MacGillivray from arguing on appeal that he was deprived of adequate process based on the timeline. (*People v. Chappelone* (2010) 183 Cal.App.4th 1159, 1182 ["party waived right to assert an argument on appeal by having expressly consented to the trial court's action"].)

MacGillivray also asserts the family court judge was biased against him and he should not have ordered MacGillivray to make job contacts because he is receiving full disability benefits as a result of his military service. MacGillivray further asserts the family court's rejection of his proposed settled statement for purposes of this appeal was improper. Again, MacGillivray does not provide any legal reason for reversal of the court's orders related to these assertions. Accordingly, we reject MacGillivray's challenges. (*United Grand, supra*, 36 Cal.App.5th at p. 146.)

Finally, MacGillivray seems to argue the family court failed to adequately address his assertion—which he made in his motion to set aside the spousal support order—that Kalinina perjured herself. MacGillivray repeatedly asserts that Kalinina did not disclose all of her income and assets, which resulted in thousands of dollars of support payments that should not have been paid. By his own account, however, these allegations were raised by MacGillivray during trial. Accordingly, the family court had the opportunity to assess whether Kalinina's financial disclosures were adequate. This court cannot reassess the credibility determinations made by the family court and MacGillivray has not otherwise provided any legal basis to

7

overturn the order denying his motion to set aside the spousal support order. (*In re Marriage of Balcof* (2006) 141 Cal.App.4th 1509, 1531 ["Appellate courts 'do not reweigh evidence or reassess the credibility of witnesses.' "].)

In sum, the record before this court shows the parties engaged in discovery, participated in a trial over two days at which they presented evidence and argument, and the family court issued a reasoned decision awarding spousal support after considering each relevant factor set forth in section 4320.  In addition, after briefing and argument, the family court issued a lengthy, well-reasoned decision considering and rejecting the many arguments MacGillivray asserted in his motion to set aside the spousal support award.  MacGillivray has not shown that reversal of these orders is warranted.

DISPOSITION

The orders are affirmed.  The costs of appeal are awarded to Respondent.

McCONNELL, P. J.

WE CONCUR:


IRION, J.


KELETY, J.

8