Filed 3/18/25  Rotter v. County of Ventura CA2/6
**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| SAM ROTTER,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>COUNTY OF VENTURA,<br><br>    Defendant and Respondent. | 2d Civ. No. B331153<br>(Super. Ct. No. 56-2022-00563943-CU-CR-VTA)<br>(Ventura County) |

Appearing in propria persona, Sam Rotter appeals from the judgment dismissing his action against the County of Ventura (County).[1]  Appellant states that the action arose "from a sequence of confrontations between [him] and the Ventura Sheriff's Office over the past 4 years."  A "harassment war" waged against him by the Sheriff's Office "led eventually to [his]

---

[1] Appellant erroneously sued County as "Ventura County Sheriff's Office."  Appellant has been declared a vexatious litigant.  (Code Civ. Proc., § 391 et seq.)  On September 12, 2023, we granted his request for leave to file the present appeal.  (*Id.*, § 391.7.)

eviction" from his home and "finally resulted in [his] having to leave Ventura County in January 2024."

Appellant's second amended complaint, the operative pleading, consists of four causes of action. The trial court sustained, without leave to amend, County's demurrer to the second cause of action. It granted County's motion to strike the three other causes of action.

Appellant's contentions are forfeited because they are not supported by intelligible, meaningful legal analysis with supporting citations to the record and pertinent authority. Accordingly, we affirm.

*Procedural Background*

In August 2022 appellant filed a first amended complaint consisting of three causes of action. The first cause of action alleged "public entity liability for failure to perform mandatory duty." (Bold and capitalization omitted.) Appellant claimed the Ventura County Sheriff's Office had "[f]ailed to perform the duties incumbent upon all law enforcement agencies."

The second cause of action alleged a "violation of federal civil rights" and Government Code section 53166. (Bold and capitalization omitted.) Appellant claimed "the Ventura Sheriff Dept. failed to protect [him] from [various] violations . . . due to its systemic animus to senior citizens." Moreover, by using technology to track his location, the sheriff's department had violated Government Code section 53166 and had conducted an illegal search in violation of the Fourth Amendment.

The third cause of action alleged that, because of its unreasonable search or seizure, County is liable for damages under the federal Civil Rights Act as codified in title 42 United States Code section 1983 (hereafter section 1983).

2

County demurred to the complaint on several grounds. One was that appellant had "failed to submit a government claim within the statutory period as set forth in Government Code section 915, subdivision (a)." Another ground was that "[a] plaintiff cannot use the theory of responde[a]t superior to hold a municipality liable under 42 U.S.C., section 1983."

The trial court sustained, without leave to amend, County's demurrer to the first and third causes of action. It sustained the demurrer to the second cause of action with leave to amend.

In January 2023 appellant filed a second amended complaint consisting of four causes of action. The first cause of action alleged a violation of Civil Code section 52.1, "known . . . as the Tom Bane Civil Rights Act" (Bane Act). (*Id.*, subd. (a). The Bane Act was not mentioned in any of the first amended complaint's three causes of action. Civil Code section 52.1, subdivision (c) provides, "Any individual whose exercise or enjoyment of rights secured by the Constitution or laws of the United States, or of rights secured by the Constitution or laws of this state, has been interfered with, or attempted to be interfered with, . . . may institute and prosecute in [his or her] own name and on [his or her] own behalf a civil action for damages . . . ." The proscribed interference encompasses "interfere[nce] by threat, intimidation, or coercion, or attempts to interfere by threat, intimidation, or coercion." (*Id.*, subd. (b).)

The second cause of action alleged that, in serving a summons upon appellant in the Thousand Oaks Library, three "armed sheriffs" had used "Cell Site Simulator technology CSLI to illegally ping [his] phone." This constituted "a 4th amendment violation . . . actionable under 42 U.S.C. section 1983."

The third cause of action alleged that deputy sheriffs had violated appellant's "rights under the 4th Amendment" and "Article I, § 13 of the California Constitution." Finally, the fourth cause of action alleged a violation of "Title VII of [the] Civil Rights Act of 1964." (Bold and capitalization omitted.)

The trial court granted County's motion to strike the first, third, and fourth causes of action because "they were pled without leave of court, and in violation of the court's prior order sustaining the County's demurrer to the first amended complaint."[2] (See *Harris v. Wachovia Mortgage, FSB* (2010) 185 Cal.App.4th 1018, 1023 ["Following an order sustaining a demurrer . . . with leave to amend, the plaintiff may amend his or her complaint only as authorized by the court's order. [Citation.] The plaintiff may not amend the complaint to add a new cause of action without having obtained permission to do so, unless the new cause of action is within the scope of the order granting leave to amend"].)

The trial court sustained, without leave to amend, County's demurrer to the second cause of action for damages under section 1983 because appellant had "failed to state sufficient facts to

---

[2] County notes that the trial court inadvertently committed a clerical error: it intended to strike the third cause of action, but its order struck the second cause of action. (Respondent's Brief, p. 10, fn. 3; see also pp. 3-4 of the reporter's transcript of the proceedings conducted on May 8, 2023.) We construe the order as striking the third instead of the second cause of action. (See *People v. Mitchell* (2001) 26 Cal.4th 181, 185 ["Courts may correct clerical errors at any time"].)

support municipal liability as set forth on page 6, line 11 through page 9, line 2, of the County's demurrer." At this portion of its demurrer, County argued that the second cause of action was insufficient under *Monell v. New York City Dept. of Social Services* (1978) 436 U.S. 658 (*Monell*).

*Supreme Court's Holding in Monell*

In *Monell* the Supreme Court held: "[A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." (*Monell, supra,* 436 U.S. at p. 694.) The Supreme Court explained: "Congress did not intend municipalities to be held liable unless action pursuant to official municipal policy of some nature caused a constitutional tort. In particular, we conclude that a municipality cannot be held liable *solely* because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." (*Id.* at p. 691.)

Under *Monell*, "[t]o find a municipality [or county] liable under section 1983, a plaintiff must identify a municipal [or county] policy or custom that caused the constitutional injury. [Citations.] This limitation on the scope of section 1983 'does not create a "defense." It identifies an element of plaintiff's [damages], so the burden is on the plaintiff to demonstrate the essential policy or custom.'" (*Harman v. City and County of San Francisco* (2006) 136 Cal.App.4th 1279, 1295-1296, brackets for "[damages]" in original.)

*Appeal is Not Limited to Order Sustaining*
*County's Demurrer to the Second Cause of*
*Action in the Second Amended Complaint*

Appellant filed a notice of appeal from the "dismissal following order sustaining demurrer." Based on the wording of the notice of appeal, County contends appellant sought "to reverse only the demurrer ruling on the section 1983 cause of action [the second cause of action]" and "did not appeal the striking of the other three causes of action" in the second amended complaint. Therefore, "his appeal reaches only the demurrer ruling on the section 1983 cause of action."

We disagree. The appeal is from the judgment of dismissal, not from the order sustaining the demurrer on the second cause of action without leave to amend. (See *Singhania v. Uttarwar* (2006) 136 Cal.App.4th 416, 425 ["An appeal does not lie from an order sustaining a demurrer without leave to amend"].) "[O]n a postjudgment appeal, 'the reviewing court may review . . . any *intermediate* ruling, . . . order or decision which involves the merits or necessarily affects the judgment or order appealed from or which substantially affects the rights of a party . . . .' (Code Civ. Proc., § 906, italics added.)" (*Maryland Cas. Co. v. Andreini & Co. of Southern California* (2000) 81 Cal.App.4th 1413, 1425.)

County asserts, "[Appellant] may not, in this appeal from a demurrer on the second amended complaint, raise arguments about his first amended complaint." County argues that the second amended complaint "superseded" the first amended complaint and that "[c]laims about superseded pleadings are not cognizable on appeal from a subsequent pleading." (Bold omitted.)

6

County is only partially correct. "[W]here the plaintiff chooses to amend [a cause of action to which a demurrer was sustained with leave to amend], any error in the sustaining of the demurrer is ordinarily waived." (*County of Santa Clara v. Atlantic Richfield Co.* (2006) 137 Cal.App.4th 292, 312 (*County of Santa Clara*).) As to appellant's first amended complaint, the trial court sustained the demurrer to the second cause of action *with* leave to amend, and appellant amended that cause of action in the second amended complaint. Thus, appellant waived any claim of error as to the sustaining of the demurrer to the second cause of action in the first amended complaint.

On the other hand, because the trial court sustained, *without* leave to amend, County's demurrer to the first and third causes of action of the first amended complaint, appellant may challenge the ruling as to these causes of action under Code of Civil Procedure section 906. "The rule that a choice to amend waives any error can reasonably be applied only on a *cause-of-action-by-cause-of-action basis. . . .* It is only where the plaintiff amends the cause of action to which the demurrer was sustained [with leave to amend] that any error is waived." (*County of Santa Clara, supra,* 137 Cal.App.4th at p. 312.)

*Appellant's Arguments*

In his opening brief, appellant makes the following arguments (bold and capitalization omitted):

(1) In the first and third causes of action of the first amended complaint, he "pleaded compliance with the Tort Claims [Act's] presentation & rejection requirement[s]." He also pleaded such compliance in the second amended complaint.

(2) "Monell was incorrectly ruled superior to the Bane Act in dealing with respondeat superior." "[T]he ramifications of the

7

Bane Act trumps the M[o]nell Ruling Regarding the resolution of respondeat superior theory." "[M]ultiple cases . . . have rendered the Monell ruling irrelevant."

(3) "The violation of GOV § 53166 et seq. was managerial and not pertinent to respondeat superior." "The Ventura Sheriff's Office Management perpetrated this violation" because of their "unauthorized use of a Cell-Site Location Information Device (cell pinging)."[3] "The statutory violation [of] GOV § 53166 [] was plead[ed] in the [first amended complaint]."

(4) "The [second amended complaint's] causes of action responded to the previous demurrer [to the first amended complaint] and should not have been demurred again by precedent of Patrick v. Alacer Corp" (2008) 167 Cal.App.4th 995 [no further citation of *Alacer* is given]. The second amended complaint's first, second and fourth causes of action "were not simply a repeat of the 1st 2nd and 3rd causes in the [first amended complaint]. They were a corrective response to the court's sustained demurrer [to] the [first amended complaint] for tort claims presentation failure and for not using a Menill [*sic*] procedure for establishing respondeat superior."

But in his opposition to County's demurrer to and motion to strike the second amended complaint, appellant stated: "I pray the court to take notice that causes of action 1, 2, and 3 in the 2nd AMENDED COMPLAINT . . . fail to fall within the scope of the order granting leave to amend [the first amended complaint]. I, therefore, pray the court to disregard all but cause of action

---

[3] Appellant has not objected to County's request, filed on August 13, 2024, to take judicial notice of "its adoption, in 2016, of a policy regarding the use of cellular intercept devices, under Government Code section 53166." We grant the request.

number 4 which I allege does effectively argue sufficient facts to plausibly establish a claim for relief." Appellant's statement constituted a concession that the first, second and third causes of action were improperly included in the second amended complaint. He "is bound by that concession . . . on appeal." (*Masters v. San Bernardino County Employees Retirement Assn.* (1995) 32 Cal.App.4th 30, 50–51.)

(5) "Denying amendability for demurred causes of action is anathema."

*Appellant's Requested Relief*

In the conclusion of his opening brief, appellant requests that this court "reverse the actions" of the trial court "with regard to the following causes of action[:] [¶] 1. Violation of Federal Civil Rights (42 U.S.C. § 1983)[.] [¶] 2. Violation of the 4th Amendment Illegal Search[.] [¶] 3. Violation of Bane Act . . . . [¶] 4. Violation of Article I, § 13 of Calif. Constitution – Exercise Or Enjoyment Of Rights[.] [¶] 5[.] Violation of GOV § 53166[.]" Appellant states, "The court's ruling [as to the second amended complaint] regarding the 4th cause of action [violation of Title VII of the Civil Rights Act of 1964] was in error and also should be reversed."

*Demurrer: General Principles and Standard of Review*

"A demurrer tests the legal sufficiency of factual allegations in a complaint. [Citation.] A trial court's ruling sustaining a demurrer is erroneous if the facts alleged by the plaintiff state a cause of action under any possible legal theory. [Citations.]" (*Lee Newman, M.D., Inc. v. Wells Fargo Bank* (2001) 87 Cal.App.4th 73, 78.)

"[W]e apply the de novo standard of review in an appeal following the sustaining of a demurrer . . . ." (*California*

9

*Logistics, Inc. v. State of California* (2008) 161 Cal.App.4th 242, 247.) "[W]e assume the truth of all facts properly pleaded in the complaint and its exhibits or attachments, as well as those facts that may fairly be implied or inferred from the express allegations. [Citation.] 'We do not, however, assume the truth of contentions, deductions, or conclusions of fact or law.' [Citation.]" (*Cobb v. O'Connell* (2005) 134 Cal.App.4th 91, 95.) "[A]n appellate court may take judicial notice of facts not subject to judicial notice by the trial court [citation]." (*Jocer Enterprises, Inc. v. Price* (2010) 183 Cal.App.4th 559, 566 (*Jocer*).)

When "a demurrer has been sustained without leave to amend, unless failure to grant leave to amend was an abuse of discretion, the appellate court must affirm the judgment if it is correct on any theory. [Citations.] If there is a reasonable possibility that the defect in a complaint can be cured by amendment, it is an abuse of discretion to sustain a demurrer without leave to amend. [Citation.]" (*Hendy v. Losse* (1991) 54 Cal.3d 723, 742.)

On appeal "[t]he plaintiff has the burden of showing that the facts pleaded are sufficient to establish every element of the cause of action and overcoming all of the legal grounds on which the trial court sustained the demurrer, and if the defendant negates any essential element, we will affirm the order sustaining the demurrer as to the cause of action. [Citation.]" (*Martin v. Bridgeport Community Assoc., Inc.* (2009) 173 Cal.App.4th 1024, 1031; see also *Cantu v. Resolution Trust Corp.* (1992) 4 Cal.App.4th 857, 880 ["Cantu bears the burden of overcoming *all* of the legal grounds on which the trial court sustained the demurrers"].) "'If another proper ground for

10

sustaining the demurrer exists, this court will still affirm the demurrer[ ] even if the trial court relied on an improper ground . . . .'" (*Jocer*, *supra*, 183 Cal.App.4th at p. 566.)

*Appellant's Contentions Are Forfeited*

County asserts, "All of [appellant's] claims are forfeited because his opening brief lacks adequate legal and factual analysis." We agree.

"'A judgment or order of the lower court is *presumed correct*. All intendments and presumptions are indulged to support it on matters as to which the record is silent, and error must be affirmatively shown. . . .'" (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) "To demonstrate error, appellant must present meaningful legal analysis supported by citations to authority and citations to facts in the record that support the claim of error." (*In re S.C.* (2006) 138 Cal.App.4th 396, 408.) Citations to the record must "'include[] providing exact page citations.' [Citations.] If a party fails to support an argument with the necessary citations to the record, that portion of the brief may be stricken and the argument deemed to have been waived." (*Duarte v. Chino Community Hospital* (1999) 72 Cal.App.4th 849, 856.)

In appellant's opening brief, the entire seven-page introduction and statement of the case do not contain a single citation to the record. Appellant's four-page statement of facts contains only one citation to the record. Many portions of appellant's argument are also unsupported by adequate citations to the record, i.e., "a citation to the volume and page number of the record where the matter appears." (Cal. Rules of Court, rule 8.204(a)(1)(C).)

11

Irrespective of the lack of adequate citations to the record, appellant's contentions are forfeited because of the absence of meaningful, intelligible legal argument with citations to supporting authority. "[C]onclusory claims of error will fail." (*In re S.C., supra*, 138 Cal.App.4th at p.408.) "When an appellant . . . asserts [a point] but fails to support it with reasoned argument and citations to authority, we treat the point as waived." (*Badie v. Bank of America* (1998) 67 Cal.App.4th 779, 784-785; see also *Cahill v. San Diego Gas & Electric Co.* (2011) 194 Cal.App.4th 939, 956 ['"We are not bound to develop appellants' argument for them. [Citation.] The absence of cogent legal argument or citation to authority allows this court to treat the contention as waived"'].) It is not sufficient to merely cite authorities or quote excerpts from them. Appellant must clearly explain how the authorities support his claim of error. "Appellant[] may not attempt to rectify [his] omissions and oversights for the first time in [his] reply brief[] because this deprives the opposing party of an opportunity to respond." (*Keyes v. Bowen* (2010) 189 Cal.App.4th 647, 656.)

"While we are mindful that [appellant] is representing himself on appeal, his status as a party appearing in propria persona does not provide a basis for preferential consideration. A party proceeding in propria persona 'is to be treated like any other party and is entitled to the same, but no greater consideration than other litigants and attorneys.'" (*First American Title Co. v. Mirzaian* (2003) 108 Cal.App.4th 956, 958, fn. 1.)

*Disposition*

The judgment is affirmed. County shall recover its costs on appeal.

NOT TO BE PUBLISHED.


YEGAN, J.

We concur:


GILBERT, P. J.


BALTODANO, J.

Henry J. Walsh, Judge

Superior Court County of Ventura

_____

Sam Rotter, in propria persona, for Plaintiff and Appellant.

Tiffany N. North, County Counsel, Thomas W. Temple, Assistant County Counsel, for Defendant and Respondent.